CURTIS R. TINGLEY (SBN 112322)
*ctingley@tingleylawgroup.com*
STEPHEN D. COLLINS (SBN 277482)
*scollins@tingleylawgroup.com*
KEVIN W. ISAACSON (SBN 281067)
*kisaacson@tingleylawgroup.com*
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 960
San Jose, California 95113
Telephone:   (408) 283-7000
Facsimile:    (408) 283-7010

Attorneys for Defendants
CONTRACTORS INTELLIGENCE SCHOOL, INC.
CONTRACTORS PUBLISHER, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TELEVISION EDUCATION, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>CONTRACTORS INTELLIGENCE SCHOOL, INC.; CONTRACTORS PUBLISHER, INC.; and DOES 1-25,<br><br>            Defendants. | CASE NO. 16CV01433 WBS EFB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Defendants, CONTRACTORS INTELLIGENCE SCHOOL, INC., and CONTRACTORS PUBLISHER, INC. (hereinafter "DEFENDANTS"), to herewith answer the First Amended Complaint:

1. Answering Paragraph 1 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

2. Answering Paragraph 2 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's First Amended Complaint, DEFENDANTS admit that Contractors Intelligence School, Inc., is a California corporation with its principal place of business in Rancho Cordova, California, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, deny all remaining allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's First Amended Complaint, DEFENDANTS admit that Contractors Publisher, Inc., is a California corporation with its principal place of business in Rancho Cordova, California, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, deny all remaining allegations contained therein.

6. Answering Paragraph 6 of Plaintiff's First Amended Complaint, DEFENDANTS admit that Defendant, Leonid Voronstov, is an individual residing in Sacramento County, California and deny all other allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's First Amended Complaint, DEFENDANTS admit that Defendant, Oksana Voronstov, is an individual residing in Sacramento County, California and deny all other allegations contained therein.

8. Answering Paragraph 8 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

9. Answering Paragraph 9 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

10. Answering Paragraph 10 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

11. Answering Paragraph 11 of Plaintiff's First Amended Complaint, DEFENDANTS

are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

14. Answering Paragraph 14 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's First Amended Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

18. Answering Paragraph 18 of Plaintiff's First Amended Complaint, DEFENDANTS admit that Television Education and Defendant, Contractors Intelligence School, Inc., have been parties to a written Agreement to Supply Educational Materials ("Agreement") executed on or around December 22, 2014, and multiple prior written agreements, and are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's First Amended Complaint, DEFENDANTS admit that Television Education and Defendant, Contractors Intelligence School, Inc., have been

1  parties to a written Agreement to Supply Educational Materials ("Agreement") executed on or
2  around December 22, 2014, and multiple prior written agreements, and are without sufficient
3  knowledge or information to form a belief as to the truth of the allegations contained in said
4  paragraph, and, on that basis, deny the allegations contained therein.

5       20.    Answering Paragraph 20 of Plaintiff's First Amended Complaint, DEFENDANTS
6  are without sufficient knowledge or information to form a belief as to the truth of the allegations
7  contained in said paragraph, and, on that basis, deny the allegations contained therein.

8       21.    Answering Paragraph 21 of Plaintiff's First Amended Complaint, DEFENDANTS
9  deny the allegations contained therein.

10       22.    Answering Paragraph 22 of Plaintiff's First Amended Complaint, DEFENDANTS
11  deny the allegations contained therein.

12       23.    Answering Paragraph 23 of Plaintiff's First Amended Complaint, DEFENDANTS
13  deny the allegations contained therein.

14       24.    Answering Paragraph 24 of Plaintiff's First Amended Complaint, DEFENDANTS
15  deny the allegations contained therein.

16       25.    Answering Paragraph 25 of Plaintiff's First Amended Complaint, DEFENDANTS
17  deny the allegations contained therein.

18       26.    Answering Paragraph 26 of Plaintiff's First Amended Complaint, DEFENDANTS
19  deny the allegations contained therein.

20       27.    Answering Paragraph 27 of Plaintiff's First Amended Complaint, DEFENDANTS
21  deny the allegations contained therein.

22       28.    Answering Paragraph 28 of Plaintiff's First Amended Complaint, DEFENDANTS
23  deny the allegations contained therein.

24       29.    Answering Paragraph 29 of Plaintiff's First Amended Complaint, DEFENDANTS
25  deny the allegations contained therein.

26       30.    Answering Paragraph 30 of Plaintiff's First Amended Complaint, DEFENDANTS
27  deny the allegations contained therein.

28       31.    Answering Paragraph 31 of Plaintiff's First Amended Complaint, DEFENDANTS

1  admit that Defendant, Contractors Intelligence School, Inc. purchased and re-sold Plaintiff's C-10 Manual, C-27 Manual, and the C-39 Manual, and deny the remaining allegations contained therein.

32. Answering Paragraph 32 of Plaintiff's First Amended Complaint, DEFENDANTS admit that Defendant CISI paid Plaintiff a lease fee pursuant to the Agreements, and deny the remaining allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

35. Answering Paragraph 35 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

37. Answering Paragraph 37 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

38. Answering Paragraph 38 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

**FIRST CAUSE OF ACTION**

39. Answering Paragraph 39 of Plaintiff's First Amended Complaint, DEFENDANTS incorporate here by reference and reallege their answers to paragraphs 1 through 38 of Plaintiff's First Amended Complaint deny the allegations contained therein.

40. Answering Paragraph 40 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

41. Answering Paragraph 41 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

42. Answering Paragraph 42 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

43. Answering Paragraph 43 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

44. Answering Paragraph 44 of Plaintiff's First Amended Complaint, DEFENDANTS deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. As for a first, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that Plaintiff's First Amended Complaint fails to state facts sufficient to constitute a claim or controversy as to DEFENDANTS.

2. As for a second, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that Plaintiff's claims are barred because Plaintiff lacks standing.

3. As for a third, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that venue is improper.

4. As for a fourth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that Plaintiff's claims are barred by waiver and consent.

5. As for a fifth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege, on information and belief, that the First Amended Complaint, and each and every alleged cause of action therein, is barred, in whole or in part, because of the legal and equitable doctrines of unjust enrichment and *in pari delicto*, including, for example, the fact that Plaintiff, on information and belief, engaged in improper conduct of the same nature which it alleges to have done.

6. As for a sixth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege, on information and belief, that Plaintiff is barred by the Doctrine of Unclean Hands, including, for example, the fact that Plaintiff, on information and belief, engaged in improper conduct of the same nature which it alleges to have done.

7. As for a seventh, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that Plaintiff is barred by the Doctrine of Laches. Plaintiff unreasonably and inexcusably delayed the filing of the infringement suit, and that delay has caused material prejudice and injury to DEFENDANTS. Such injury includes, but is not limited to, DEFENDANTS' continued use of allegedly infringing products and investment of substantial sums in promotion and advertising of products.

8. As for an eighth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that Plaintiff is barred by the Doctrine of Estoppel. Plaintiff led DEFENDANTS to reasonably infer that he would not enforce any rights he allegedly had against DEFENDANTS, DEFENDANTS relied on Plaintiff's actions giving rise to such a reasonable inference, and DEFENDANTS will be materially prejudiced if Plaintiff is allowed to proceed with his claims.

9. As for a ninth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that, at all times and places mentioned herein, Plaintiff failed to mitigate the amount of damages. The damages claimed by Plaintiff could have been mitigated by due diligence on Plaintiff's part or by one acting under similar circumstances. The failure to mitigate is a bar to recovery under the First Amended Complaint.

10. As for a tenth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that each of the causes of action set forth in the First Amended Complaint is barred by 17 U.S.C. § 507(b) as the First Amended Complaint contains allegations of wrongful conduct occurring outside of the time set forth in 17 U.S.C. § 507(b).

11. As for an eleventh, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that said DEFENDANTS acted at all times within the scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations and practices reasonably and in good faith belief to be in accordance with the Constitution and laws of the United States or the State of California, and these

1  DEFENDANTS are, therefore, not liable.

2  12. As for a twelfth, separate and distinct affirmative defense to the First Amended
3  Complaint, and each and every count therein, DEFENDANTS allege that there was no
4  infringement because of DEFENDANTS' use was a fair use of the alleged copyright.

5  13. As for a thirteenth, separate and distinct affirmative defense to the First Amended
6  Complaint, and each and every count therein, DEFENDANTS allege that said First Amended
7  Complaint was filed for an improper purpose, abuse of process and as an improper restraint of
8  trade.

9  14. As for a fourteenth, separate and distinct affirmative defense to the First Amended
10  Complaint, and each and every count therein, DEFENDANTS allege that Plaintiff's Copyright
11  Infringement claims are barred by the First Sale Doctrine.

12  15. As for a fifteenth, separate and distinct affirmative defense to the First Amended
13  Complaint, and each and every count therein, DEFENDANTS allege that Plaintiff's First
14  Amended Complaint fails to demonstrate the inadequacy of legal relief.

15  16. As for a sixteenth, separate and distinct affirmative defense to the First Amended
16  Complaint, and each and every count therein, DEFENDANTS allege that Plaintiff's claims are
17  barred as the works in question are in the public domain and have lost any copyright protection
18  that they might have had.

19  17. As for a seventeenth, separate and distinct affirmative defense to the First
20  Amended Complaint, and each and every count therein, DEFENDANTS allege on information
21  and belief that DEFENDANTS had either an actual or implied license to use any alleged work.

22  18. As for an eighteenth, separate and distinct affirmative defense to the First
23  Amended Complaint, and each and every count therein, DEFENDANTS allege on information
24  and belief that Plaintiff have not complied with the statutory formalities of either the Copyright
25  Act of 1909 or the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.*

26  19. As for a nineteenth, separate and distinct affirmative defense to the First Amended
27  Complaint, and each and every count therein, DEFENDANTS allege that, due to the timing of
28  Plaintiff's purported registration of their alleged copyrights, they are barred from claiming or

receiving attorney's fees and statutory damages under 17 U.S.C. § 412.

20. As for a twentieth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that, at all times relevant herein, Plaintiff, with full knowledge of all of the facts in any way connected with or relating to the matters alleged against these answering DEFENDANTS, duly ratified, acquiesced in and confirmed in all respects the conduct and actions of these answering DEFENDANTS.

21. As for a twenty-first, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS assert that all claims of Plaintiff's First Amended Complaint are barred by the doctrine of equitable estoppel. Plaintiff led DEFENDANTS to reasonably infer that it would not enforce any rights it allegedly has against DEFENDANTS, DEFENDANTS relied on Plaintiff's actions giving rise to such a reasonable inference, and DEFENDANTS will be materially prejudiced if Plaintiff is allowed to proceed with its claims.

22. As for a twenty-second, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that the First Amended Complaint, and each and every alleged cause of action therein, is barred under the doctrine of independent creation.

23. As for a twenty-third, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege, on information and belief, that Plaintiff's First Amended Complaint and each and every count therein, is barred because the alleged copyrighted work is an unauthorized derivative work to which Plaintiff has no lawful claim.

24. As for a twenty-fourth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that Plaintiffs' claims fail as Plaintiffs' alleged copyrights are invalid and/or cannot be enforced against DEFENDANTS because the alleged works contain and/or constitute unprotectable subject matter, including, but not limited to, matter from the public domain, matter from third parties, generic terms, generic design elements and/or scenes a faire.

25. As for a twenty-fifth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that the First Amended Complaint, and each and every alleged cause of action therein, is barred under the doctrine of copyright misuse.

26. As for a twenty-sixth, separate and distinct affirmative defense to the First Amended Complaint, and each and every count therein, DEFENDANTS allege that they have incurred damages by reason of Plaintiff's conduct and that they have the right of offset of any amount of monies owed to Plaintiff by way of damages.

DEFENDANTS have not completed their investigation of the allegations of the Plaintiff in the First Amended Complaint, and specifically reserve the right to amend their Answer and present additional affirmative defenses as necessary.

WHEREFORE, these answering DEFENDANTS pray for judgment as follows:

1. That Plaintiff's request for damages is denied.
2. That Plaintiff's request for injunctive relief is denied;
3. For reasonable attorney's fees and costs of suit incurred therein; and
4. For such other and further relief as the Court deems proper.

Dated: October 20, 2016                                        TINGLEY LAW GROUP, PC


By: /s/ Kevin W. Isaacson
KEVIN W. ISAACSON
Attorneys for Defendants

## DEMAND FOR JURY TRIAL

DEFENDANTS hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Court.

Dated: October 20, 2016                          TINGLEY LAW GROUP, PC


By: /s/ Kevin W. Isaacson
    KEVIN W. ISAACSON
    Attorneys for Defendants