CURTIS R. TINGLEY (SBN 112322)
*ctingley@tingleylawgroup.com*
STEPHEN D. COLLINS (SBN 277482)
*scollins@tingleylawgroup.com*
KEVIN W. ISAACSON (SBN 281067)
*kisaacson@tingleylawgroup.com*
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 960
San Jose, California 95113
Telephone:	(408) 283-7000
Facsimile:	(408) 283-7010

Attorneys for Defendants
CONTRACTORS INTELLIGENCE SCHOOL, INC.
CONTRACTORS PUBLISHER, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TELEVISION EDUCATION, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>CONTRACTORS INTELLIGENCE SCHOOL, INC.; CONTRACTORS PUBLISHER, INC.; LEONID VORONTSOV; OKSANA VORONTSTOV; and DOES 1-25,<br><br>  Defendants. | CASE NO. 16CV01433 WBS EFB<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>**Date:  December 12, 2016<br>Time: 1:30 p.m.<br>Courtroom 5, 14th Floor<br>Honorable William B. Shubb**<br><br>**Complaint Filed: June 23, 2016** |

# I. INTRODUCTION

Plaintiff has filed a strongly-disfavored Motion to Strike in an attempt to delay prosecution of this matter and to deprive Defendants of the opportunity to engage in the discovery, to which they are entitled, and present their defenses after complete discovery of the facts related to their defenses.

Plaintiff wants to hold Defendants to a higher pleading standard by stretching the Supreme Court's Twombly/Iqbal plausibility pleading standard applicable only to a claims raised by a plaintiff's complaint further than the Supreme Court or any Court of Appeals has done so.  By so arguing, Plaintiff is attempting to unfairly force upon Defendants a heightened pleading standard which should not be applied to affirmative defenses.

Despite Plaintiff's contrary attempts, the Ninth Circuit, courts in this District, and this Court have previously found that Defendants are only required to provide fair notice of their affirmative defenses to Plaintiff, not meet the plausibility standard applicable to claims raised in a complaint.  Defendants' asserted affirmative defenses include more than sufficient information to provide Plaintiff with fair notice of the asserted defenses.  A quick read through Plaintiff's First Amended Complaint and Defendants' Answer thereto provide at least fair notice of each of Defendants' affirmative defense.

If, however, the Court strikes any of Defendants' affirmative defenses, Defendants should be granted an opportunity to amend their Answer because motions to strike are not meant to preclude resolving claims and defenses on their merits, Defendants could amend their affirmative defenses if found insufficient, Plaintiff has not shown either that amending would be futile or that Plaintiff would be prejudiced by such an amendment.  In such circumstances, leave to amend should be freely granted.

# II. PROCEDURAL BACKGROUND

The operative pleadings in this action consist of Plaintiff's First Amended Complaint ("FAC") and Defendants Contractors Intelligence School, Inc. and Contractors Publisher, Inc.'s (collectively "Defendants") Answer to the FAC ("Answer").

The FAC was filed on September 22, 2016.  (Dkt. No. 12.)  Defendants filed their Answer

to the FAC on October 20, 2016.  (Dkt. No. 17.)  On November 10, 2016, Plaintiff filed its present Motion to Strike Defendants' Affirmative Defenses Nos. 4, 5, 6, 10, 11, 12, 13, 18, 22, 25 and 26.  (Dkt. Nos. 18 and 19.)

### III.   ARGUMENT

**A.   LEGAL STANDARD**

    1.   Motion to Strike Standard

Motions to strike are "disfavored" by the Federal Courts.  Motions to strike made pursuant to Rule 12(f) are disfavored because of "the limited importance of pleadings in federal practice." (See, e.g., Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996).)  "'[M]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'"  (See e.g., Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000).)

Motions to Strike under FRCP 12(f) "'are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits.'" (JPMorgan Chase Bank, N.A. v. Parkside Lending, LLC, 2013 U.S. Dist. LEXIS 16981 (N.D. Cal. Feb. 7, 2013) (quoting Barnes v. AT&T Pension Benefit Plan, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010)) (emphasis added).)

Motions to strike are disfavored and "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." (LeDuc v. Ky. Cent. Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992) (emphasis added).)

Given the authorities cited above, in order to prevail on a motion to strike "the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant."  (Smith v. Wal-Mart Stores, 2006 U.S. Dist. LEXIS 72225, 2006 WL 2711468 at 10 (N.D. Cal. Sep. 20, 2006) (emphasis added).) additionally, "'[w]ith a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party.'"  (Levine v. Sleep Train, Inc., 2015 U.S. Dist. LEXIS 37155 (E.D. Cal. Mar. 24, 2015) (quoting Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004)).)  Further, "'[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion.'"

(Hazeltine v. Hicks, 2016 U.S. Dist. LEXIS 157319 (E.D. Cal. Nov. 12, 2016) (quoting Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004)).)

Finally, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC v. Oak Ridge Winery LLC, 2016 U.S. Dist. LEXIS 38966 (E.D. Cal. Mar. 23, 2016).)

2. Fair Notice Pleading Standard On Affirmative Defenses

Regarding the pleading standard required Plaintiff's Motion blatantly ignores critical case law which completely undermines the entirety of its discussion of the appropriate pleading standard for affirmative defenses. Plaintiff argues that, "Although courts in the Ninth Circuit are divided as to whether the pleading standard explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses, the majority of district courts in this Circuit have applied the *Twombly* and *Iqbal* standard to affirmative defense." (Motion pp. 4:16-5:10.) This statement is both inaccurate and misleading. The cases cited by Plaintiff to support its position are outdated and are now inapposite. (Id.)

Rather than there being an open question on the pleading standard for affirmative defenses, the Ninth Circuit, the courts in this District, and this Court have clarified that the "Iqbal/Twombly" plausibility standard does not apply to affirmative defenses. (Saunders v. Fast Auto Loans, Inc., 2016 U.S. Dist. LEXIS 55052, 12-13 (E.D. Cal. Apr. 25, 2016) (quoting Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015)).) Rather, as this Court has explained, "[t]he Ninth Circuit has held an affirmative defense is sufficiently pled if it provides plaintiff with 'fair notice' and describes the affirmative defenses in 'general terms.'" (Id.)

As such, Plaintiff's argument suggesting a heightened pleading standard, including the "Iqbal/Twombly" plausibility standard are legally flawed and must be disregarded. Rather than requiring some heightened pleading standard, "[f]air notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based." (Dodson v. Munirs Co., No. CIV. S-13-0399 LKK, 2013 U.S. Dist. LEXIS 85768, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013).) Under the fair notice pleading standard, "[t]he key to determining the sufficiency of pleading an affirmative

defense is whether it gives plaintiff fair notice of the defense." (Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).)  The fair notice standard is met where the defendant's answer "state[s] the nature and grounds for the affirmative defense." (Kohler v. Islands Rests., LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).) Defendants meet their pleading burden by stating defenses in "general terms." (Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015).)  "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." (Vargas v. Cnty. of Yolo, 2016 U.S. Dist. LEXIS 94793 (E.D. Cal. July 19, 2016) (citing Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010)).)

Couched in the proper light, it is clear that Plaintiff's Motion to Strike is nothing more than a delay tactic which has led courts to largely frown upon such motions.

**B.   PLAINTIFF'S MOTION IS PROPERLY CHARACTERIZED AS A PREMATURE MOTION FOR SUMMARY JUDGMENT ATTEMPTING TO ELIMINATE DEFENDANTS' LEGITIMATE AND PLAUSIBLE DEFENSES WITHOUT PERMITTING DEFENDANTS TO ENGAGE IN THE DISCOVERY PROCESS WHICH THEY ARE ENTITLED TO DO.**

As noted above, motions to strike are "generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits.'" (JPMorgan Chase, supra, 2013 U.S. Dist. LEXIS 16981 (quoting Barnes, supra, 718 F.Supp.2d. at 1171-72) (emphasis added).)  If Plaintiff desires to challenge Defendants' affirmative defenses on the merits, it must bring a motion for summary judgment, not a motion to strike.  However, parties are entitled to a "realistic opportunity to pursue discovery relating to its theory of the case" before having to oppose a motion for summary judgment.  (See, e.g., Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).) Defendants have had no such change to conduct any discovery into their perfectly valid and appropriate defenses.  Plaintiff's approach would remove Defendants' defenses from the pleadings and would deny Defendants the proper and rightful opportunity to explore their affirmative defenses through discovery.  Plaintiff should not be permitted to shut the door on

Defendants' defenses prior to permitting Defendants an opportunity to conduct relevant discovery, whether on a motion to strike or a motion for summary judgement. The Court should deny Plaintiff's Motion to Strike which is really a thinly veiled attempt to obtain a summary judgment on Defendants' defenses without letting Defendants engage in the discovery process to which they are entitled.

**C.    DEFENDANTS' AFFIRMATIVE DEFENSES ARE NOT INSUFFICIENT**

Plaintiff seems to complain that it does not know what Defendants' defenses are, and yet at the same time addresses each of those defenses. It is difficult to understand how Plaintiff can complain that it has not been given fair notice of the defenses asserted and at the same time identify each specifically and individually.

   1. <u>The Fourth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled</u>.

Defendants' Fourth Affirmative Defense provides Plaintiff with fair notice that Defendants claim there can be no liability as to the only cause of action asserted, copyright infringement, because Plaintiff consented to and waived its claims against Defendants for infringement. This provides Plaintiff with fair notice of the asserted defense.

Furthermore, as these asserted defenses stem from Plaintiff's own interactions with Defendants related to the subject matter of Plaintiff's Complaint, it is difficult to comprehend what prejudice will be suffered by Plaintiff as a result of this affirmative defense. Plaintiff has made absolutely no attempt to show that it will suffer any prejudice. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (<u>Michael David LLC</u>, <u>supra</u>, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Fourth Affirmative Defense should be denied.

   2. <u>The Fifth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled</u>.

Defendants' Fifth Affirmative Defense, *in pari delicto*, provides Plaintiff with fair notice that Defendants claim there can be no liability as to the only cause of action asserted, copyright

infringement, because Plaintiff has engaged in the same type of improper conduct it has alleged Defendants have done, infringement of another's copyrights. This provides Plaintiff with fair notice of the asserted defense.

Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a result of this affirmative defense. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Fifth Affirmative Defense should be denied.

3. The Sixth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled.

Defendants' Sixth Affirmative Defense, unclean hands, provides Plaintiff with fair notice that Defendants claim there can be no liability as to the only cause of action asserted, copyright infringement, because Plaintiff has engaged in the same type of improper conduct it has alleged Defendants have done, infringement of another's copyrights. This provides Plaintiff with fair notice of the asserted defense. Plaintiff's sole argument against this defense is that the Court cannot assess the plausibility of the defense asserted. (Motion p. 7:12-16.) As noted above, this is not the proper standard for assessing the affirmative defenses. (See, supra, Section III.A.2.) Rather, Defendants must only provide fair notice, which they have done. (Id.) As such, there is no basis to strike this affirmative defense.

Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a result of this affirmative defense. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Sixth Affirmative Defense should be denied.

4. The Tenth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled.

Defendants' Tenth Affirmative Defense, Statute of Limitation, provides Plaintiff with fair notice that Defendants claim the statute of limitations found in the Copyright Act is a bar to the

1  relief sought by Plaintiff.  Plaintiff laments that Defendants have failed to "specify what wrongful
2  acts fall outside of the time limit set forth in 17 U.S.C. 507(b)" and also "to specify how that
3  affects the accrual of the claim for relief."  (Motion p. 7:21-23.)  Plaintiff's arguments stand as an
4  admission that Defendants have provided fair notice of the defense as Plaintiff has identified the
5  defense and key issues to it.  (Id.)  Furthermore, Plaintiff seems to suggest that the standard for an
6  affirmative defense would require the answer to provide an explanation how facts "affect the
7  accrual of the claim for relief."  This goes far beyond the requirement of providing fair notice.
8  Furthermore, as to the nature of the defense, Plaintiff's factual allegations admit that Defendants'
9  alleged wrongful conduct purported commenced as early as 2010, well beyond the three-year
10  statute of limitations period.  (See FAC ¶ 33 and 17 U.S.C. § 507.)  It is thus hard to comprehend
11  how Plaintiff can contend it does not have fair notice of this defense.  As Defendants have
12  provided Plaintiff with fair notice of their statute of limitations defense, there is no basis to strike
13  this affirmative defense.

14  Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a
15  result of this affirmative defense.  As noted by this Court, because motions to strike are generally
16  disfavored, they "are rarely granted in the absence of prejudice to the moving party."  (Michael
17  David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.)  As such, Plaintiff's Motion to Strike
18  Defendants' Tenth Affirmative Defense should be denied.

19   5. The Eleventh Affirmative Defense Should Not Be Stricken Because the Defense
    Provides Fair Notice As Pled.
20

21  Defendants' Eleventh Affirmative Defense provides Plaintiff with fair notice that
22  Defendants claim their belief that all conduct was in accordance with the laws of the United
23  States negates liability and/or damages.  Courts have previously found that in actions sounding in
24  copyright infringement, "the lack of intent serves as an affirmative defense to the amount of
25  statutory damages available."  (Wild v. Benchmark Pest Control, Inc., 2016 U.S. Dist. LEXIS
26  34089 (E.D. Cal. Mar. 16, 2016).)  As Defendants have provided Plaintiff with fair notice of their
27  good faith and lack of intent defense, there is no basis to strike this affirmative defense.

28  Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a

result of this affirmative defense. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Eleventh Affirmative Defense should be denied.

   6. <u>The Twelfth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled</u>.

Defendants' Twelfth Affirmative Defense provides Plaintiff with fair notice that Defendants claim their belief that any allegedly infringing conduct, if any did occur, was nothing more than a fair use of the alleged copyrighted works. Plaintiff's Motion confirms that Plaintiff is well aware of the nature and grounds for the fair use defense. (Motion p. 9:3-16.) Plaintiff here attempts to eliminate Defendants' fair use defense by seeking to have the defense stricken before Defendants have had the proper opportunity to investigate the claim during discovery. This is significant as Plaintiff has alleged that somehow Defendants have already infringed works that have not even been registered. (See FAC ¶¶ 15-16, 36, 40.) By the nature of the FAC, Defendants have no way to know what they specifically are accused of having "plagiarized, paraphrased and copied" from Plaintiff's allegedly copyrighted works which substantially limits Defendants ability to provide additional information regarding the "purpose and character of the use" which Defendants deny occurred in the first place. (Id.; Answer ¶¶ 36, 40.) Nevertheless, Defendants have provided Plaintiff with sufficient notice of the grounds and nature of the defense and have provided Plaintiff with fair notice of their fair use defense. As such there is no basis to strike this affirmative defense.

Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a result of this affirmative defense. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Twelfth Affirmative Defense should be denied.

///
///

### 7. The Thirteenth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled.

Defendants' Thirteenth Affirmative Defense provides Plaintiff with fair notice that Defendants claim that Plaintiff's filing of its FAC for an improper purpose, abuse of process and as an improper restraint of trade bars the relief sought by Plaintiff. Plaintiff does not challenge the validity of such a defense, only that "Defendants have not alleged any facts whatsoever to provide notice to [Plaintiff] as to the nature of this Affirmative Defense". (Motion p. 10:4-5.) This is incorrect as Defendants have provided fair notice of the basis of their claim – that the FAC was filed by Plaintiff for an improper purpose, abuse of process and as an improper restraint of trade. Such restraining motivations by a copyright holder have been found to be a form of copyright misuse. (See, e.g. Triad Sys. Corp. v. Se. Express Co., 64 F.3d 1330 (9th Cir. 1995); Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1158 (9th Cir. 2011) ("copyright misuse involves restraining development of competing products").) Defendants have even identified the facts at issue: Plaintiff's filing of its FAC for an improper purpose, abuse of process and as an improper restraint of trade. Defendants have thus provided Plaintiff with fair notice of their Thirteenth Affirmative Defense. As Defendants have provided Plaintiff with fair notice of their defense that Plaintiff's filing of its FAC for an improper purpose, abuse of process and as an improper restraint of trade bars the relief sought by Plaintiff, there is no basis to strike this affirmative defense.

Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a result of this affirmative defense. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Thirteenth Affirmative Defense should be denied.

### 8. The Eighteenth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled.

Defendants' Eighteenth Affirmative Defense, failure to comply with Statutory Formalities, provides Plaintiff with fair notice that Defendants claim Plaintiff's failure to comply

with the statutory formalities of the copyright act bars the relief sought by Plaintiff.  Plaintiff does not challenge the validity of such a defense, only that it fails as a "reference to statutory provisions".  (Motion p. 10:11.)  However, Plaintiff has already openly admitted that it has not yet registered various purported copyright works identified and asserted in the FAC.  (see FAC ¶¶ 15-16, 36, 40.)  It is plain on the face of the FAC that Plaintiff has not complied with the statutory formality of registration for bringing a claim for infringement.  (17 U.S.C. § 411.)  As Defendants have provided Plaintiff with fair notice of their defense based on Plaintiff's own admitted failure to comply with the statutory formalities of the Copyright Act, there is no basis to strike this affirmative defense.

Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a result of this affirmative defense.  As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party."  (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.)  As such, Plaintiff's Motion to Strike Defendants' Eighteenth Affirmative Defense should be denied.

### 9. The Twenty-Second Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled.

Defendants' Twenty-Second Affirmative Defense, Independent Creation, provides Plaintiff with fair notice that Defendants claim their independent creation of the materials in dispute bars the relief sought by Plaintiff.  Plaintiff does not challenge the validity of such a defense, only that it "fails to provide sufficient factual support to satisfy the applicable pleading standards".  (Motion p. 10:21.)  This is incorrect as Plaintiff has relied on an incorrect pleading standard as discussed above and further because Defendants have provided fair notice of the basis of their claim – the materials in dispute were independently created.  As noted above, fair notice only requires a defendant to identify the "nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based." (Dodson, supra, 2013 U.S. Dist. LEXIS 85768 at *2.)  Plaintiff's Motion incorrectly focusses on "sufficient factual support" rather than simply admitting that it knows the grounds and nature of Defendants' defense of independent creation and thus has been given fair notice of it.  As Defendants have

provided Plaintiff with fair notice of their defense of independent creation, there is no basis to strike this affirmative defense.

Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a result of this affirmative defense. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Twenty-Second Affirmative Defense should be denied.

10. The Twenty-Fifth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled.

Defendants' Twenty-Fifth Affirmative Defense, Copyright Misuse, provides Plaintiff with fair notice that Defendants claim Plaintiff's misuse of its copyright bars the relief sought by Plaintiff. Plaintiff does not challenge, but rather admits, the validity of such an affirmative defense. (Motion p. 10:26.) Plaintiff goes on to demonstrate that it has full notice and understanding of the defense raised by Defendants. (Motion pp. 10:26-11:5.) As noted above, fair notice only requires a defendant to identify the "nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based." (Dodson, supra, 2013 U.S. Dist. LEXIS 85768 at *2.) Plaintiff's Motion incorrectly focusses on factual support rather than simply admitting that it knows the grounds and nature of Defendants' defense of copyright misuse and thus has been given fair notice of it. As Defendants have provided Plaintiff with fair notice of their defense of copyright misuse, there is no basis to strike this affirmative defense.

Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a result of this affirmative defense. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Twenty-Fifth Affirmative Defense should be denied.

/ / /

/ / /

### 11. The Twenty-Sixth Affirmative Defense Should Not Be Stricken Because the Defense Provides Fair Notice As Pled.

Defendants' Twenty-Sixth Affirmative Defense, Setoff, provides Plaintiff with fair notice that Defendants claim that amounts owed by Plaintiff to Defendants bar, in whole or part, the relief sought by Plaintiff. Plaintiff does not challenge, but rather admits, the validity of such an affirmative defense. (Motion p. 11:16-17.) Plaintiff goes on to demonstrate that it has full notice and understanding of the defense as raised by Defendants. (Motion pp. 11:13-27.) As noted above, fair notice only requires a defendant to identify the "nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based." (Dodson, supra, 2013 U.S. Dist. LEXIS 85768 at *2.) Plaintiff's Motion incorrectly focusses on factual support rather than simply admitting that it knows the grounds and nature of Defendants' defense of copyright misuse and thus has been given fair notice of it. Furthermore, the FAC admits that there were contractual obligations between the parties and that Defendants have returned products to Plaintiff and requested refunds for the same. (FAC ¶ 31.) Plaintiff can hardly act as if it has no idea or fair notice of the nature and grounds for Defendants' defense of a setoff, but rather appear to seek a detailed factual statement which exceeds the pleading requirement for affirmative defenses. As Defendants have provided Plaintiff with fair notice of their defense of a setoff, there is no basis to strike this affirmative defense.

Plaintiff has made absolutely no attempt to show that it will suffer any prejudice as a result of this affirmative defense. As noted by this Court, because motions to strike are generally disfavored, they "are rarely granted in the absence of prejudice to the moving party." (Michael David LLC, supra, 2016 U.S. Dist. LEXIS 38966 at *2.) As such, Plaintiff's Motion to Strike Defendants' Twenty-Sixth Affirmative Defense should be denied.

### D. IF ANY AFFIRMATIVE DEFENSES ARE STRICKEN, DEFENDANTS SHOULD BE ALLOWED TO AMEND ITS ANSWER BECAUSE PLAINTIFF WILL SUFFER NO PREJUDICE FROM AN AMENDMENT.

It is well established that leave to amend a stricken pleading should be freely granted. (Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979) ("In the absence of prejudice to

1  the opposing party, leave to amend should be freely given."); see also Fed. R. Civ. Proc. 15 ("The
2  court should freely give leave when justice so requires.")  In general, "leave to amend a pleading
3  should be afforded unless amendment would be futile."  (<u>Surface Supplied, Inc. v. Kirby Morgan
4  Dive Sys</u>., 2013 U.S. Dist. LEXIS 143478 (N.D. Cal. Oct. 3, 2013) (citing <u>Steckman v. Hart
5  Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998)).)  Should the Court determine that any of the
6  defenses have not been sufficiently pled, additional facts, can be included in an amended answer
7  which will be more than sufficient to meet whatever standard the Court applies to the affirmative
8  defenses.  At this early stage in litigation, Plaintiff could not possibly be prejudiced by permitting
9  Defendants leave to amend stricken affirmative defenses, if any, particularly where amending is
10 not futile and Plaintiff is already aware of the many facts and defenses Defendants have alleged
11 and no time or effort has been expended in the discovery process.

## IV.   CONCLUSION

As shown above, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike in its entirety.  Alternatively, should the Court find it proper to strike any of Defendants' affirmative defenses, Defendants request that the Court strike any such defenses with leave to amend and additionally allow Defendants a time period of 90 days to conduct discovery on those defenses prior to filing an amended answer to the FAC.

Dated: November 28, 2016                              TINGLEY LAW GROUP, PC


                                                      By: /s/ Stephen D. Collins
                                                          STEPHEN D. COLLINS
                                                          Attorneys for Defendants