UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TELEVISION EDUCATION, INC., | CIV. NO. 2:16-1433 WBS EFB |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| v. | |
| CONTRACTORS INTELLGIENCE SCHOOL, INC.; CONTRACTORS PUBLISHER, INC.; LEONID VORONTSOV; OKSANA VORONTSOV; and DOES 1 through 25; | |
| Defendants. | |

----oo0oo----

Plaintiff Television Education, Inc. brought this action against defendants Contractors Intelligence School and Contractors Publisher (collectively "defendants") for alleged copyright infringement.[1]  (First Am. Compl. ("FAC") (Docket No.

_____

[1]   Two other defendants are named in this action: Leonid and Oksana Vorontsov.  (First Am. Compl. ¶¶ 6-7 (Docket No. 12).) Plaintiff's Motion only concerns the Answer filed by Contractors

1

1    12).)  Before the court is plaintiff's Motion to strike eleven of

2    the twenty-six affirmative defenses asserted in defendants'

3    Answer.  (Pl.'s Mot. (Docket No. 18).)

4          Plaintiff leases and sells contractor's license exam

5    preparation materials to private schools and businesses in

6    California.  (Id., Mem. ("Pl.'s Mem.") at 1 (Docket No. 19).)

7    Plaintiff allegedly created and owns copyrights to a number of

8    test preparation manuals and practice exams, and has "pending

9    copyright applications in numerous other educational courses and

10   materials."  (FAC ¶¶ 15, 17.)  From 2011 through 2014, plaintiff

11   executed agreements to lease and sell its educational materials

12   to Contractors Intelligence School "for use in [the school's]

13   license examination preparation courses."  (Id. ¶ 18.)  According

14   to plaintiff, the agreements stated that Contractors Intelligence

15   School "will not 'copy, plagiarize, paraphrase, or duplicate' any

16   of the educational materials owned by Television Education . . .

17   or allow any of its employees or any other person or firm to do

18   so."  (Id. ¶ 20.)

19         From 2010 to 2016, Contractors Intelligence School

20   allegedly "cop[ied]," "plagiariz[ed]," and sold "knock-offs" of

21   plaintiff's materials in violation of the parties' agreements and

22   federal copyright law.  (See id. at 9-12.)  The "knock-offs" were

23   allegedly marketed as original works of Contractors Publisher, an

24   affiliate of Contractors Intelligence School.  (Id. Ex. A, Cease

25   and Desist Letter at 2.)  Plaintiff alleges that defendants

26

27   _____

28   Intelligence School and Contractors Publisher.  (Pl.'s Mot. at 1
     (Docket No. 18).)

                                  2

1   continue to "plagiariz[e]" and create "knock-offs" of its

2   materials despite receiving its cease and desist letter in June

3   2016.  (Id. ¶¶ 37-38.)

4          On June 23, 2016, plaintiff filed this action.  (Compl.

5   (Docket No. 1).)  Plaintiff amended its complaint in September

6   2016.  (FAC.)  The amended Complaint alleges a single cause of

7   action "for copyright infringement under . . . 17 U.S.C. section

8   101 et seq."  (Id. at 13.)  Defendants filed an Answer to

9   plaintiff's amended Complaint in October 2016.  (Answer (Docket

10  No. 17).)  The Answer asserts twenty-six affirmative defenses.

11  (Id.)  Plaintiff now moves to strike eleven of the twenty-six

12  affirmative defenses under Federal Rule of Civil Procedure 12(f).

13  (Pl.'s Mot.)

14         Under Rule 12(f), the court may strike an affirmative

15  defense if it is insufficiently pled.  See Fed. R. Civ. P. 12(f);

16  Saunders v. Fast Auto Loans, Inc., No. 2:15-2624 WBS CKD, 2016 WL

17  1627035, at *6-7 (E.D. Cal. Apr. 25, 2016) (striking affirmative

18  defenses as insufficiently pled under Rule 12(f)).  The Ninth

19  Circuit has held that an affirmative defense is sufficiently pled

20  when it provides plaintiff with "fair notice" of its grounds,

21  which need only be described in "general terms."[2]  Kohler v.

22  _____

23         [2]   Plaintiff cites several district court cases that
    applied the "plausibility" standard of Bell Atlantic Corp. v.
24  Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662
    (2009) to affirmative defenses.  (See Pl.'s Mem. at 4-5.)  Those
25  cases are no longer good law in light of Kohler v. Flava Enters.,
    Inc., 779 F.3d 1019 (9th Cir. 2015), which applied the "fair
26  notice" standard to affirmative defenses.  See Staggs v. Doctor's
    Hosp. of Manteca, No. 211-CV-00414 MCE KJN, 2016 WL 3027742, at
27  *1 (E.D. Cal. May 27, 2016) (stating that Kohler resolved the
    split in the Ninth Circuit as to whether "plausibility" or "fair
28

                                    3

1  Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015); see

2  also Beco Dairy Automation, Inc. v. Global Tech Sys., Inc., Civ.

3  No. 1:12-1310 LJO SMS, 2015 WL 5732595, at *10 (E.D. Cal. Sept.

4  28, 2015) (applying Kohler).  "While this is less demanding than

5  the Twombly/Iqbal standard, it still requires a party to plead

6  some factual basis for its allegations." Beco Dairy Automation,

7  2015 WL 9583012, at *2; see also Gomez v. J. Jacobo Farm Labor

8  Contractor, Inc., No. 1:15-CV-1489 AWI MJS, 2016 WL 6143342, at

9  *3 (E.D. Cal. May 20, 2016) (holding the same). Mere "reference

10 to a [legal] doctrine, like a reference to statutory provisions,

11 is insufficient."[3] Qarbon.com Inc. v. eHelp Corp., 315 F. Supp.

12 2d 1046, 1049 (N.D. Cal. 2004); see also Beco Dairy Automation,

13 2015 WL 9583012, at *2 (citing Qarbon.com post-Kohler).

14      Plaintiff seeks to strike the following affirmative

15 defenses from defendants' Answer (numbers designated according to

16 numbers used in defendants' Answer): (4) plaintiff's "waiver" of

17 its copyright infringement claim; (5) the doctrines of "unjust

18 _____

19 notice" standard applies to affirmative defenses).

20      [3]    Defendants cite cases holding that affirmative defenses
may only be stricken if they "prejudice the [plaintiff]" and
21 "ha[ve] no bearing on the subject matter of the litigation."
(Def.'s Opp'n at 2-3 (Docket No. 23).) None of those cases are
22 binding Ninth Circuit precedent, however, and the court has noted
that no such precedent appears to exist, Houston Cas. Co. v. Crum
23 & Forster Ins. Co., No. 1:16-CV-535 LJO EPG, 2016 WL 4494444, at
*4 (E.D. Cal. Aug. 25, 2016). The Ninth Circuit rejected
24 defendants' cases in an unpublished decision--Atlantic Richfield
Co. v. Ramirez, 176 F.3d 481, 1999 WL 273241 (9th Cir. 1999)--
25 where it stated that "Rule 12(f) says nothing about a showing of
prejudice and allows a court to strike material sua sponte." Id.
26 at *2. Accordingly, the court will not require plaintiff to show
"prejudice" or complete lack of "bearing" with respect to the
27 affirmative defenses at issue here.

28

1  enrichment and in pari delicto"; (6) "the doctrine of unclean

2  hands"; (10) expiration of plaintiff's claim under the statute of

3  limitations set forth in 17 U.S.C. § 507(b); (11) defendants'

4  "good faith" in using plaintiff's materials; (12) defendants'

5  "fair use" of plaintiff's materials; (13) plaintiff's "improper

6  purpose," "abuse of process," and "improper restraint of trade"

7  in filing this action; (18) plaintiff's failure to comply "with

8  the statutory formalities of either the Copyright Act of 1909 or

9  the Copyright Act of 1976"; (22) "the doctrine of independent

10  creation"; (25) "the doctrine of copyright misuse"; and (26)

11  defendants' "right of offset."  (Pl.'s Mem. at 6-11.)

12      Defendants' fourth affirmative defense asserts that

13  plaintiff waived its copyright infringement claim against

14  defendants.  (Answer at 6.)  Defendants do not state when or how

15  plaintiff might have waived its claim.  Without providing any

16  factual basis for the assertion that plaintiff waived its claim

17  or otherwise consented to defendants' alleged plagiarism of its

18  materials, defendants cannot be said to have provided plaintiff

19  "fair notice" of their fourth affirmative defense.  See Beco

20  Dairy Automation, 2015 WL 9583012, at *2 (defendant must provide

21  "some factual basis" for an affirmative defense).  Accordingly,

22  the court will strike that defense.

23      Defendants' fifth and sixth affirmative defenses assert

24  that plaintiff "engaged in improper conduct of the same nature

25  which it alleges [defendants] to have done," which bars its claim

26  under the doctrines of unjust enrichment, in pari delicto, and

27  unclean hands.  (Answer at 6.)  Again, defendants do not identify

28  when or how plaintiff might have "engaged in improper conduct of

1   the same nature which it alleges [defendants] to have done."
2   Because defendants fail to provide any factual basis for their
3   fifth and sixth affirmative defenses, the court will strike those
4   defenses as well.

5        Defendants' tenth affirmative defense asserts that
6   plaintiff's claim is barred under the statute of limitations set
7   forth in 17 U.S.C. § 507(b). (Id. at 7.)  Here, defendants have
8   identified a specific limitations period, three years, which, in
9   conjunction with the filing date of this action, results in a
10  threshold date that plaintiff's claim must not have accrued prior
11  to--June 23, 2013. (See Compl. (filed on June 23, 2016).)
12  Defendants argue that plaintiff's claim accrued prior to the
13  threshold date because it is based on allegations of misconduct
14  that took place as early as 2010.[4]  (See Answer at 7; FAC ¶ 33.)
15  Because this information is sufficient to notify plaintiff of the
16  "general terms" of defendants' statute of limitations defense,
17  the court will not strike that defense.

18       Defendants' eleventh affirmative defense asserts that
19  defendants "acted at all times . . . in good faith" and thus are
20  "not liable" under federal copyright law. (See Answer at 7-8.)
21  The Ninth Circuit has held that "good faith" or "innocent intent"

22

23  _____

24       [4]  Plaintiff notes that defendants do not identify which
    specific act resulted in accrual. (See Pl.'s Mem. at 7.)  Rule
25  12(f) only requires that affirmative defenses be pled in "general
    terms," however.  See Kohler, 779 F.3d at 1019; see also Stevens
26  v. Corelogic, Inc., No. 14-CV-1158 BAS JLB, 2015 WL 7272222, at
    *4 (S.D. Cal. Nov. 17, 2015) (Rule 12(f) does not require "a
27  detailed recitation of facts").  Thus, the court will not strike
    defendants' defense for lack of specificity.

28

6

1   is not a defense to copyright infringement liability, however.

2   Monge v. Maya Magazines, Inc., 688 F.3d 1164, 1170 (9th Cir.

3   2012).  In their Opposition, defendants cite a district court

4   case--Wild v. Benchmark Pest Control, Inc., No. 1:15-CV-01876

5   JLT, 2016 WL 1046925 (E.D. Cal. Mar. 16, 2016)--for the

6   proposition that "lack of intent serves as an affirmative defense

7   to the amount of statutory damages" in copyright infringement

8   cases.  (Defs.' Opp'n at 7 (Docket No. 23).)  Defendants' "good

9   faith" defense, as stated in their Answer, is addressed to

10  liability, however, not damages.  Because defendants have not

11  provided plaintiff "fair notice" of any "good faith" defense to

12  the amount of damages, the court will strike that defense.

13          Defendants' twelfth, thirteenth, eighteenth, twenty-

14  second, twenty-fifth, and twenty-sixth affirmative defenses all

15  fail for lack of factual basis.  For each defense, defendants

16  cite a statute or doctrine that purportedly defeats plaintiff's

17  claim, but provide no facts explaining how such statute or

18  doctrine is implicated in this case.

19          Defendants' twelfth affirmative defense, for example,

20  asserts that defendants' alleged misappropriation of plaintiff's

21  materials was in fact "fair use" of the materials under federal

22  copyright law, but states no facts explaining how defendants used

23  the materials or why their use constituted "fair use" under the

24  relevant statute.  (Answer at 8.)  Defendants' thirteenth

25  affirmative defense, to cite another example, asserts that

26  plaintiff filed this action "for an improper purpose, abuse of

27  process and as an improper restraint of trade," but states no

28  facts explaining why this case is improper, abusive, or

1    unlawfully restrains trade.  (See id.)  Defendants' other

2    affirmative defenses--plaintiff's failure to comply "with the

3    statutory formalities of either the Copyright Act of 1909 or the

4    Copyright Act of 1976," "the doctrine of independent creation,"

5    "the doctrine of copyright misuse," and defendants' "right of

6    offset"--are similarly bereft of facts.

7            Bare references to doctrine or statute are

8    "insufficient notice" under Rule 12(f).  Qarbon.com, 315 F. Supp.

9    2d at 1049.  Because defendants' twelfth, thirteenth, eighteenth,

10   twenty-second, twenty-fifth, and twenty-sixth affirmative

11   defenses each reference a doctrine or statute without providing

12   any supporting facts, the court will strike those defenses under

13   Rule 12(f).  See Beco Dairy Automation, 2015 WL 9583012, at *2.

14           The court is aware of defendants' concern that

15   "Plaintiff's Motion to Strike . . . is really a thinly veiled

16   attempt to obtain summary judgment on Defendants' defenses

17   without letting Defendants engage in the discovery process."

18   (Defs.' Opp'n at 5.)  That concern is addressed by the court's

19   grant of leave to amend in this Order.  Because the court has

20   already issued an order providing for discovery in this case,

21   (see Oct. 19, 2016 Order at 2-3 (Docket No. 16)), defendants will

22   have the opportunity to engage in discovery before filing an

23   amended answer.

24           IT IS THEREFORE ORDERED that the following affirmative

25   defenses are hereby STRICKEN from defendants' Answer: (4)

26   plaintiff's "waiver" of its copyright infringement claim; (5) the

27   doctrines of "unjust enrichment and in pari delicto"; (6) "the

28   doctrine of unclean hands"; (11) defendants' "good faith" in

1  using plaintiff's materials; (12) defendants' "fair use" of

2  plaintiff's materials; (13) plaintiff's "improper purpose,"

3  "abuse of process," and "improper restraint of trade" in filing

4  this action; (18) plaintiff's failure to comply "with the

5  statutory formalities of either the Copyright Act of 1909 or the

6  Copyright Act of 1976"; (22) "the doctrine of independent

7  creation"; (25) "the doctrine of copyright misuse"; and (26)

8  defendants' "right of offset."

9       IT IS FURTHER ORDERED that plaintiff's Motion to Strike

10 defendants' tenth affirmative defense--expiration of plaintiff's

11 claim under the statute of limitations set forth in 17 U.S.C. §

12 507(b)-- be, and the same hereby is, DENIED.

13      Defendants have twenty-one days from the date this

14 Order is signed to file an amended answer, if they can do so

15 consistent with this Order.

16 Dated:  December 12, 2016

   WILLIAM B. SHUBB
17 UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28