CURTIS R. TINGLEY (SBN 112322)
*ctingley@tingleylawgroup.com*
STEPHEN D. COLLINS (SBN 277482)
*scollins@tingleylawgroup.com*
KEVIN W. ISAACSON (SBN 281067)
*kisaacson@tingleylawgroup.com*
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 960
San Jose, California 95113
Telephone:     (408) 283-7000
Facsimile:     (408) 283-7010

Attorneys for Defendants
CONTRACTORS INTELLIGENCE SCHOOL, INC.
CONTRACTORS PUBLISHER, INC.;
LEONID VORONTSOV; OKSANA VORONTSOV

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TELEVISION EDUCATION, INC., <br><br>         Plaintiff, <br><br>    vs. <br><br> CONTRACTORS INTELLIGENCE SCHOOL, INC.; CONTRACTORS PUBLISHER, INC.; LEONID VORONTSOV; OKSANA VORONTSOV; and DOES 1-25, <br><br>         Defendants. | CASE NO. 16CV01433 WBS EFB <br><br> **STIPULATED** <br> **PROTECTIVE ORDER** |

### JOINT STIPULATION FOR PROTECTIVE ORDER

The parties to this matter, through their respective counsel of records, hereby stipulate to, and move the Court for entry of a protective order on the following terms:

     1.     The Stipulated Protective Order entered by the Court (the "Court's Order") shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, testimony, matters in evidence, and

1

1  computerized records (collectively, "RECORDS") which the disclosing party designates as

2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY" pursuant to

3  this Stipulation and the Court's Order, directly or indirectly by or on behalf of any party in

4  connection with this action.

5          2.  Pursuant to Local Rule 141.1(c)(1), the types of information eligible for

6  protection include a party's trade secret, confidential, competitive, or proprietary information

7  pertaining to the party's business, which the party takes appropriate efforts to keep confidential, or

8  information which the party is otherwise required to keep confidential by agreement or law,

9  including the following:  financial information; research, development, and technical information

10  and specifications; and customer information.

11          3.  Pursuant to Local Rule 141.1(c)(2), there is a need to protect this type of

12  evidence.  A party's trade secret, confidential, competitive, or proprietary information could be

13  abused if its use were not limited to this lawsuit.  For example, third party competitors could exploit

14  the following types of confidential information to their advantage were it made public:  (1) a party's

15  financial information; (2) research, development, and technical information and specifications; and

16  (3) customer information.

17          4.  Pursuant to Local Rule 141.1(c)(3), the parties seek a Protective Order, as opposed to

18  entering into a private agreement, because the proposed Order provides mechanisms for the

19  resolution of disputes and the handling of designated evidence that involve the Court.

20          5.  In designating RECORDS as "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL ATTORNEY'S EYES ONLY," a party shall make such a designation only for

22  RECORDS which that party in good faith believes contain trade secret, confidential, competitive, or

23  proprietary information pertaining to a party's business, which the party takes appropriate efforts to

24  keep confidential, or information which the party is otherwise required to keep confidential by

25  agreement or law.  For the "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY"

26  designation, the parties intend this designation to be limited to RECORDS pertaining to information

27  about customers of the parties including names, contact information, correspondence, agreements

28  pertaining to those customers and revenues derived from them, internal notes, text, unpublished

2

materials, and sources of information/feedback from school owners, students and others relating to manuals and practice and update tests. RECORDS designated "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY" must be protected from disclosure to the parties themselves in this litigation and subject to the restricted disclosure provided for below. CONFIDENTIAL and HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY shall be used solely for the purpose of conducting this litigation and not for any other purpose.

6.     RECORDS designated as CONFIDENTIAL may be disclosed only to the following persons:

a.     the attorneys working on this action on behalf of any party, including in-house attorneys;

b.     any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c.     any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

d.     any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

e.     any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

f.     the Court.

7.     RECORDS designated as "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY" may be disclosed only to the following persons:

a.     the attorneys working on this action on behalf of any party, including in-house litigation attorneys;

846444.2

b.      any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

c.      any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 7(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

d.      any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

e.      the Court.

8.      The persons described in paragraphs 6(d) and 7(c) shall have access to the CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY once they have been made aware of the provisions of the Court's Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  Upon request, a list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel.  The other persons described in paragraphs 6 and 7 shall have access to the CONFIDENTIAL and HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY pursuant to the terms of the Court's Order without signing a copy of the annexed "ACKNOWLEDGEMENT."  Upon request, similar but separate lists shall also be prepared with respect to CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY provided by third parties.   The persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY are enjoined from disclosing it to any other person, except in conformance with the Court's Order.  This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

9.      Each individual who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY hereby agrees to subject himself/herself to the jurisdiction of this

4

1    Court for the purpose of any proceedings relating to the performance under, compliance with or

2    violation of the Court's Order.

3        10.    The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL

4    ATTORNEY'S EYES ONLY that is provided under the Court's Order shall maintain such

5    RECORDS in a secure and safe area and shall exercise the same standard of due and proper care

6    with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by

7    the recipient with respect to its own proprietary information.

8        11.    Parties shall designate CONFIDENTIAL or HIGHLY CONFIDENTIAL

9    ATTORNEY'S EYES ONLY as follows:

10            a.    In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal

11    Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the

12    information contained therein, designation shall be made by placing the following legend on any

13    such RECORD prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

14    ATTORNEY'S EYES ONLY."  In the event that a party was unable to stamp or otherwise designate

15    a RECORD as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY at

16    the time of its production, that party may, within twenty-one (21) days of becoming able to designate

17    such RECORD, so stamp or otherwise designate the RECORD.   In the event that a party

18    inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL or HIGHLY

19    CONFIDENTIAL ATTORNEY'S EYES ONLY at the time of its production, that party may, after

20    discovery of such error, so stamp or otherwise designate the RECORD.

21            b.    In the case of depositions, designation of the portion of the transcript

22    (including exhibits) which contains CONFIDENTIAL or HIGHLY CONFIDENTIAL

23    ATTORNEY'S EYES ONLY shall be made by a statement to such effect on the record in the course

24    of the deposition or, upon review of such transcript by counsel for the party to whose

25    CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY the deponent has

26    had access, said counsel shall designate within twenty-one (21) days after counsel's receipt of the

27    transcript.

28

**STIPULATED PROTECTIVE ORDER**
                                                                          **CASE NO. 16CV01433 WBS EFB**

c.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters, and when filed, the parties shall comply with paragraph 14 below.

12.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.

13.     In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY is to be used in any court proceedings in connection with this litigation, the parties shall request an Order from the Court seeking to seal the documents pursuant to Local Rule 141.  If any CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY is used in any court proceedings in connection with this litigation it shall not lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14.     Nothing in the Court's Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY.

15.     Nothing in the Court's Order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose,

846444.2

1  RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL or

2  HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY.

3       16.    Within sixty (60) days of the termination of litigation between the parties, all

4  CONFIDENTIAL and HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY, and all copies

5  thereof, except such copies which have been filed with the Court, utilized in accordance with the

6  Court's Order, or which are and will continue to be maintained in a secure place pursuant to the

7  continuing obligations of the Court's Order, shall be returned to the party which produced it or shall

8  be destroyed.

9       17.    Except as specifically provided herein, the terms, conditions and limitations of the

10  Court's Order shall survive the termination of this action at the option of the designating party.

11       18.    The Court's Order is without prejudice to the right of any party to seek relief from the

12  Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 17,

13  inclusive hereof.

14

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

16

17  Dated: January 25, 2017           BOUTIN JONES INC.

18

19                       By:   /s/ Bashar Ahmad

20                            MICHAEL E. CHASE
                          BASHAR AHMAD

21                            Attorneys for Plaintiff

22  Dated: January 25, 2017           TINGLEY LAW GROUP, PC

23

24                       By:   /s/ Stephen D. Collins

25                            STEPHEN D. COLLINS
                          Attorneys for Defendants

26

27

28

1

**[~~PROPOSED~~] ORDER**

2

3   PURSUANT TO STIPULATION, IT IS SO ORDERED.

4   DATED:  January 26, 2017.

5

6                                     EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

846444.2                                                                    **STIPULATED PROTECTIVE ORDER**
                                                                            **CASE NO. 16CV01433 WBS EFB**

**ACKNOWLEDGMENT**

I hereby acknowledge that I have carefully read the Stipulated Protective Order in the above-captioned case, and that I fully understand the terms of the court's order, a copy of which is attached.  I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.  I agree not to disclose information designated thereunder as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY" to any person not entitled to access to such information.  I further agree to use information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY" only in connection with this litigation, and not for any other purpose, including business, competitive or governmental purpose or function.  I agree that at the conclusion of the action I will return all discovery information to the Party or attorney from whom I received it.  I hereby consent to the jurisdiction of the United States District Court for the Eastern District of California, in respect to any proceeding relative to the enforcement of that order, including without limitation, any proceeding related to contempt of court.

EXECUTED  this_____day of_____, 2017, at_____.


Signature:        _____

Printed Name: _____

Affiliation:        _____

Business Address: _____

_____

Home Address: _____

_____

846444.2

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 16CV01433 WBS EFB**