UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TELEVISION EDUCATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CONTRACTORS INTELLGIENCE SCHOOL, INC.; CONTRACTORS PUBLISHER, INC.; LEONID VORONTSOV; OKSANA VORONTSOV; and DOES 1 through 25;<br><br>Defendants. | CIV. NO. 2:16-01433 WBS EFB<br><br>ORDER RE: REQUEST TO SEAL |

----oo0oo----

Television Education, Inc. brought this action against Contractors Intelligence School and Contractors Publisher for copyright infringement. Before the court is the parties' requests to seal in connection with plaintiff's motion for preliminary injunction and plaintiff's ex parte application to strike Docket Number 50-9 because it erroneously filed the unredacted Cohen Declaration. (Docket Nos. 48, 53, 58.)

A party seeking to seal a judicial record bears the

1

burden of overcoming a strong presumption in favor of public access. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (citation omitted). The court then must balance the competing interests of the public and the party seeking to keep records secret. Id. at 1179.

Plaintiff moves to seal unredacted versions of the Cohen Declaration, Corbett Declaration, and memorandum of points and authorities in support of plaintiff's motion for preliminary injunction. Plaintiff does not explain what is redacted, but the redacted version appears to omit 43 exhibits and excerpts in the memorandum of points and authorities. Defendants move to seal 11 exhibits from the Kravchuk and Vorontsov Declarations.

Plaintiff contends the materials should be sealed pursuant to the parties' Stipulated Protective Order (Docket No. 32) signed by Magistrate Judge Brennan. This court has previously pointed out that a confidentiality agreement between the parties does not per se constitute a compelling reason to seal documents that outweighs the interests of public disclosure. See Oct. 8, 2014 Order at 2, Starbucks Corp. v. Amcor Packaging Distrib., Civ. No. 2:13-1754; Sept. 3, 2015 Order at 3, Foster Poultry Farms, Inc. v. Certain Underwriters at Lloyd's, London, Civ. No. 1:14-00953. "The fact that the assigned magistrate judge signed the stipulated protective order does not change this principle." Aug. 5, 2016 Order at 3, Paul Evert's RV Country,

Inc. v. Universal Underwriters Ins. Co., Civ. No. 1:15-00124.

Plaintiff and defendants also seek to seal the unredacted versions because they purportedly contain copyrighted information that is not disclosed to the public. While trade secrets may justify filing documents under seal, see Kamakana, 447 F.3d at 1179, copyrighted information is not a trade secret. Copyright applies to materials that are distributed to the public in order to protect the author's original work. See 17 U.S.C. § 102. Just because the parties do not disclose the materials unless individuals pay for them does not mean there is a compelling reason to seal that information. Nor do the parties provide any case where a court sealed copyrighted information because it was "not disclosed to the public." The parties allege they will suffer financial harm if this information is part of the public record, but they fail to explain why this is a valid basis to seal entire documents. Further, sealing this information may prevent the public from understanding the basis upon which the court makes its decisions, and the parties fail to explain how their harm outweighs public policies favoring disclosure. See Kamakana, 447 F.3d at 1178-79.

Given the public policies favoring disclosure and the parties' broad requests, the requests will be denied. The court will consider more tailored requests to seal specific portions of the materials, which state the basis for sealing these portions and why their harm outweighs public policies favoring disclosure.

IT IS THEREFORE ORDERED that the parties' requests to seal in connection with its motion for preliminary injunction and plaintiff's ex parte motion to strike (Docket Nos. 48, 53, 58)

be, and the same hereby are, DENIED without prejudice.

Dated:   July 6, 2017

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE